RECEIVED
STATESVILLE, NC
AUG 1 2005
Clerk, U. S. Dist. Court
W. Dist of N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:05CV8-H

FILED
STATESVILLE, N.C.
AUG 8 2005
U.S. DISTRICT COURT
W. DIST. OF NC

| | |
|---|---|
| CYNTHIA LINVILLE,<br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.<br>A North Carolina Corporation,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT PROTECTIVE ORDER

**THIS CAUSE** comes before the undersigned, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement of the parties, Cynthia Linville ("Plaintiff") and Lowe's Companies ("Defendant"), who both consent to and seek a protective order. The parties have agreed that information and documents exchanged during the course of discovery in this litigation should not be used for any purpose other than this litigation. The parties, through counsel, have consented to entry of this Consent Protective Order to protect and preserve such confidential, private and/or proprietary information that may be disclosed in this action. Thus, for good cause shown, the Court finds that a protective order should be entered on the following terms:

1. The parties have agreed that certain documents and certain information that the parties have produced or may produce and certain testimony that the parties have elicited or may elicit in the course of discovery in this case contain confidential information including, but not limited to, the following:

a. Personnel information concerning current or former employees of Defendant, including but not limited to benefits, compensation, and medical information which is not generally available to the public;

b. Information and records concerning complaints, investigations, and other personnel issues involving employees of Defendant; and

c. Defendant's confidential business, financial, and employee information and documents.

2. Material, documents, and things considered by a party to contain confidential information, whether in the form of documents or interrogatory and deposition answers, may be designated confidential by either party at the time of production or response and will be stamped "Confidential" or otherwise appropriately designated.

3. All material designated or considered "confidential" or "proprietary" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to anyone except:

a. Counsel for the parties engaged in conducting this litigation including, Defendant's in-house legal staff, and their clerical, secretarial and paralegal personnel;

b. Principals, officers and employees of the parties whose assistance is required by counsel in conducting this litigation;

c. Such experts as the parties may deem appropriate and such persons within such experts' firms whose assistance is required by such experts, provided such experts have been retained by a party or counsel of a party and provided the designated experts and their assistants, before disclosure,

acknowledge they are familiar with the terms of this Protective Order and agree to abide by its terms;

    d.    Court reporters;

    e.    The Court and the regularly employed staff of the Court; and

    f.    Any other person as to whom the parties may agree in writing.

4.    No person shall disclose any material designated Confidential except as provided in paragraph 3 above, without order of the Court or written consent from counsel for the designating party.

5.    No person shall make use of any materials designated Confidential, other than in preparation for and at trial or other hearing, without order of the Court or written consent from counsel for the designated party.

6.    In the event a party disagrees with the claim of confidentiality, the objecting party may apply to the Court for an order to make the material available without restriction.

7.    Any material designated Confidential filed or submitted in this case shall be filed in a sealed envelope bearing suitable identification and should not be available to persons other than as authorized herein.

8.    During the course of litigation, any and all material designated Confidential, including copies thereof and any extracts, summaries, compilations, notes, charts or graphs taken therefrom, shall be retained by the receiving party's counsel and maintained at that counsel's office (for purposes of this Order, Defendant's counsel shall include Womble Carlyle and Lowe's Companies' Legal Department). Counsel for the receiving party shall not permit any materials designated Confidential, whatever their form, to be removed or transmitted from the receiving party's counsel's office except

for purposes of transporting such materials to a hearing before the Court, deposition, settlement conference or as the parties may otherwise agree.

9. Within thirty (30) days after the final termination of this litigation, all material designated Confidential furnished by one party to another, including copies thereof and any extracts, summaries, compilations, charts or graphs taken therefrom, but excluding any materials which in good faith judgment of counsel are work product materials, shall be returned to counsel for the furnishing party or destroyed and their destruction certified by counsel. All materials which in good faith judgment of counsel are work product materials may be maintained by counsel, provided that the materials be maintained in a manner consistent with the terms of this Order.

This the _____ day of August, 2005.

| **GEORGE MOORE & ASSOCIATES** | **WOMBLE CARLYLE SANDRIDGE & RICE, PLLC** |
|---|---|
| /s/ George W. Moore | /s/ Lucretia D. Guia |
| George W. Moore | Lucretia D. Guia |
| N.C. State Bar No. 3073 | N.C. State Bar No. 17992 |
| Post Office Box 7602 | John E. Pueschel |
| Asheville, North Carolina 28802 | N.C. State Bar No. 28030 |
| 828.258.8053 | One West Fourth Street |
| *Attorney for Plaintiff* | Winston-Salem, North Carolina 27101 |
| | 336.721.3600 |
| | Attorneys for Defendant Lowe's Companies |

**ORDERED** this the 4th day of August, 2005.

_Carl Horn, III_
United States District Court Judge

4

WINSTON 1488499v2